## HACKLEY *v.* HENEMIER.

---

PATENTS; INTERFERENCE; ABANDONMENT; DILIGENCE; LACHES.

In an interference proceeding where the junior party conceived and reduced the invention to practice some time prior to the earliest date

claimed by the senior party, but failed to file his application prompt-
ly, it was *held* that the only question was whether he lost his right
to a patent as against the senior party by his laches, or by his con-
cealment or suppression (following *Mason* v. *Hepburn*, 13 App. D.
C. 86); and, upon a review of the evidence, it was further *held*,
affirming a decision of the Commissioner of Patents, that he had not
so forfeited his rights.

No. 1200.   Patent Appeals.   Submitted November 14, 1918.   Decided De-
cember 2, 1918.

HEARING on an appeal from a decision of the Commissioner
of Patents awarding priority of invention to the junior party
in an interference proceeding.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. C. V. Edwards* and *Mr. F. A. Bower* for the appellant.

*Mr. J. H. Milans* and *Mr. E. E. Myers* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of
Patents in an interference proceeding, in which priority was
awarded to appellee, Robert H. Henemier, upon an invention
described in the following counts:

"1. In a tire valve the combination of a tubular stem mem-
ber having its outer end portion threaded to receive a standard
size coupling of an inflating device and a screw valve member
for closing the stem threaded thereto and provided with an in-
tegral manipulating flange of a diameter less than said outer
end portion and of slight depth to lie close to said end portion
when in position so as to be freely inclosed within the coupling
to permit of the connection being made independent of the
valve member whereby the latter is not subjected to the strains
to which the coupling is subjected, said valve member being
formed with a valve seat, a normally yielding valve plunger
arranged to engage the valve seat, and a packing washer inter-

posed between the valve member and the stem to form a permanent seal there between.

"2. In a tire valve, the combination of a tubular stem member having its outer end threaded to receive a standard size coupling of an inflating device and a self-contained valve unit threaded thereto and provided with an integral manipulating flange of a diameter less than said outer-end portion and of slight depth to lie close to said end portion to be freely inclosed within the coupling, said valve unit being provided with a washer arranged to underlie the manipulating flange for sealing the stem by engaging the end thereof and an inwardly directed valve seat, and a yielding plunger engaging said seat."

It was old in the art to place the entire valve casing within the tire stem and screw it down by means of an inserted tool. The invention here, stripped of all confusing terms used in the claims, consists in placing a thumb flange on the valve casing, so that it may be screwed in place by hand, instead of by using a tool for that purpose. The exact location of the packing washer is not important, since, as was said by the Commissioner, "the inventor of the thumb flange for the stated purpose is the inventor of the issue,—for, once given the thumb flange, it is probably obvious to a mechanic, especially after a little experience, to put the sealing washer under the thumb flange."

George T. Hackley was the first to file; hence, appellee must show, at least, a prior possession of the completed invention. This, we think, he has done. He has established a making of the device in issue as early as 1911, almost three years prior to Hackley's filing date. But it is contended by appellant that, even conceding that appellee made the invention, he concealed it for over three years before going into the Patent Office, and thereby abandoned it.

It must be remembered that we are not here dealing with a case where there is lack of diligence in making and completing an invention, but delay in applying for a patent. As said by the Commissioner: "This case, however, must not be confused with a case of delay in completing the invention. Diligence in making an invention is one thing; diligence in patenting it

is quite another. If Henemier had completed the invention in 1911 or in 1912 or in 1913, his right to a patent then accrued; and the question is only whether he lost his right as against Hackley by his laches, or by concealment or suppression (*Mason* v. *Hepburn,* 13 App. D. C. 86)."

The case, therefore, turns upon the question of abandonment of the invention by appellee between the time he reduced to practice and the date of filing his application in the Patent Office. On this point we have examined the record with special care, and, without stopping to review the testimony, agree with the conclusion reached by the Commissioner and the Board of Examiners in Chief that he has not forfeited his rights by the delay.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as required by law. *Affirmed.*